# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:  Case No.: 8:19-bk-01678-RCT
 Chapter 7
LAQUIETA L. HARRIS,

    Debtor.
_____/

## CAMDEN DEVELOPMENT, INC.'S MOTION TO DISMISS BANKRUPTCY CASE WITH PREJUDICE AND A BAR AGAINST RE-FILING PURSUANT TO 11 U.S.C. §§ 707(a), 105(a), AND 349

Camden Development, Inc. d/b/a Camden Royal Palms (the "Movant"), by and through the undersigned counsel, hereby requests entry of an dismissing the Debtor's bankruptcy case for cause and enjoining her from refiling for a period of at least two years under 11 U.S.C. §§707(a), 105(a), and 349; and in support, states as follows:

### BACKGROUND

1. Debtor's case should be dismissed for cause and she should be enjoined from refiling bankruptcy for a period of at least two years because she has consistently and repeatedly engaged in a scheme to delay and defraud Movant and other landlords by signing leases for residential properties, defaulting immediately, or shortly thereafter, and then filing multiple bankruptcy cases to avoid eviction, under different names and social security numbers. In each of of her repeat bankruptcy cases described below, an eviction case was filed prior to the filing of the bankruptcy case, relief from stay was obtained by Movant (or other landlord), or the case was dismissed involuntarily, eviction was resumed, and, at or near the final process of eviction, the Debtor filed a new bankruptcy case to once again employ the automatic stay and delay eviction.

2. <u>The Residential Lease with Movant</u>. On or near November 2, 2018, the Debtor entered into a residential "Lease Contract" with Movant to rent the real property located at 1017

Milano Circle, #201, Brandon, Florida 33511 (the "Leased Property") under the name Laquieta Harris. Pursuant to the terms of the Lease Contract, Debtor is required to pay monthly base rent in the amount of $1,358.00 to the Movant on the first of each month (the "Rent"), plus monthly utility charges including trash, recycling, and technology services (the "Utilities"). Debtor has defaulted under the terms of the Lease Contract by failing to pay any of the Rents, Utilities, late fees, or other applicable fees due as of December 1, 2018, and all subsequent payments due thereafter. Rent and fees continue to accrue.

3. <u>Debtor's First Bankruptcy Case</u>. Upon information and belief, on June 28, 2017, it is believed that the Debtor is the same individual that filed her first chapter 7 bankruptcy case (Case No.: 8:17-bk-05654) under the name "Gwendolyn L. Alowolodu" and social security number ending 5718. The case was terminated without entry of discharge on February 14, 2018, because Debtor failed to file a Certificate of Instructional Course for Personal Financial Management.

4. <u>Debtor's Second Bankruptcy Case</u>. Upon information and belief, on July 17, 2017, it is believed that the Debtor is the same individual that filed a second bankruptcy case (Case No.: 8:17-bk-06195-RCT) (while her first case was still pending) under the name "Gwendolyn Alowoldu" and social security number ending 5718. The case was terminated and closed as "filed in error" without entry of discharge on August 31, 2017, because the Debtor's prior bankruptcy counsel apparently filed this case in error, in duplicate of Case No.: 8:17-bk-05654.

5. <u>Debtor's Third Bankruptcy Case</u>. Upon information and belief, on October 18, 2017, it is believed that the Debtor is the same individual that filed her third chapter 7 bankruptcy case (Case No.: 8:17-bk-08795-RCT) under the name "Gwendoly L. Alowolodu" and social security number ending 5718, while her first bankruptcy case remained pending (Case No.: 8:17-

bk-05654). The case was terminated without entry of discharge on January 16, 2018, because Debtor failed to file a Certificate of Instructional Course for Personal Financial Management.

   6. <u>Debtor's Fourth Bankruptcy Case</u>. On February 14, 2018, the Debtor filed her fourth chapter 7 case (Case No.: 8:18-bk-01083-RCT) under the name "Laquita Harris" and social security number ending 7120. By order entered March 6, 2018, the case was dismissed for failure to file schedules and other required information.

   7. <u>Debtor's Fifth Bankruptcy Case</u>. Upon information and belief, on March 27, 2018, it is believed that the Debtor filed her fifth chapter 7 bankruptcy case (Case No.: 8:17-bk-08795-RCT) under the name "Gwendolyn L. Harris" and social security number ending 8718. This case was dismissed for failure to file information on April 25, 2018.

   8. <u>Debtor's Sixth Bankruptcy Case</u>. Upon information and belief, on May 9, 2018, it is believed that the Debtor is the same individual that filed her sixth chapter 7 case (Case No.: 8:18-bk-03809-RCT) under the name "Gwendolyn Alowolodu" and social security number ending 5718. By order entered August 24, 2018, the Court dismissed the Debtor's sixth bankruptcy case and included an injunction enjoining the Debtor from refiling bankruptcy through and including February 18, 2019.

   9. <u>Debtor's Seventh Bankruptcy Case</u>. On January 28, 2019, Debtor filed her seventh chapter 7 case (Case No.: 8:19-bk-00682) under the name "Laquita Harris" and social security number ending 7120. On February 15, 2019, the Court entered an order dismissing the Debtor's seventh bankruptcy case for failure to file required her schedules and other required information.

   10. <u>Debtor's Eighth Bankruptcy Case (the Instant Case)</u>. On February 28, 2019, Debtor filed the instant chapter 7 case (Case No.: 8:19-bk-01678) under the name "Laquieta L. Harris" and social security number 7120, which is believed to be her eighth bankruptcy case. The basis for

the belief that the Debtor is the same individual in all eight cases is based on Movant's comparison of photos from social media accounts believed to belong to the Debtor to the Movant's knowledge of the likeness of the person currently residing in the Leased Property. It is also possible that the Debtor is not the same person, but, may instead be the sibling or close relative of the person who is subject to the bankruptcy court order enjoining her from refiling bankruptcy until after February 18, 2019, outlined in paragraph 8, above. Either way, if this is one individual with eight cases or two related individuals with eight cases between them, Movant believes that there are sufficient grounds to dismiss the Debtor's bankruptcy case and enjoin her from refiling for a period of at least two years under Sections 707(a), 105(a) and 349 of the Bankruptcy Code.

11.  Relief Requested.  Debtor has engaged in a scheme to delay and defraud Movant and other creditors by repeatedly entering into residential lease agreement(s) with unsuspecting parties, without the intention to satisfy her obligations thereunder, and, instead she has repeatedly filed bankruptcy, at or near the point of the final stages of the eviction process, to gain the protection of the automatic stay in an effort to live rent free for as long as possible. Debtor's behavior and repeat filings evidence a pattern of bad faith and abuse which warrants the dismissal of her bankruptcy case, and, further, the egregiousness of her behavior warrants that she be enjoined from refiling for a period of at least two years. Even if the Debtor can prove that she is not the same person who filed the Alowolodu cases, she has, at the very least, a close relationship with said person, and, apparently, has learned to engage in the same abusive pattern and scheme to game the system in order to hinder, delay, and defraud creditors.

12.  The relief requested is appropriate under 11 U.S.C. §707(a)  Movant submits that none of the Debtor's prior bankruptcy cases were filed in good faith (with the exception of the second case, which seemed to be attorney error). It is clear that Debtor is trying to game the system

in order to stay in the Leased Property without paying rent under the protection of the automatic stay for as long as possible, to the detriment of Movant. Further, because the Debtor has filed multiple cases, most of which were dismissed involuntarily, and, one of which was dismissed with prejudice and a bar against refiling, cause exists to dismiss the instant case for cause, as having been filed in bad faith. In re Gros, 173 B.R. 774, 777 (Bankr. MDFL 1994).

13.     Dismissal Should be With Prejudice. Debtor's blatant disregard for the integrity of the bankruptcy process and her clear intent to delay and defraud creditors warrants not only that her bankruptcy case should be dismissed, but, that she should be barred from refiling for a period of at least two years to stop her from engaging in this abusive pattern that is so harmful (and expensive) to movant and other potential unsuspecting creditors. See In re Cusano, 431 B.R. 726, 737 (B.A.P. 6th Cir. 2010). At least one Court has found that repeat filings by a debtor warrants enjoining the debtor from refiling for a period longer than 180 days. In re Morris, No. 3:10-BK-04143, 2010 WL 3943927, at *9 (Bankr. M.D. Tenn. Oct. 6, 2010). See, e.g, In re Casse, 198 F. 3d at 339; In re Cusano, 431 B.R. at 737.

WHEREFORE, for all the foregoing reasons, Movant requests that the Court enter an Order in favor of Movant dismissing the Debtor's bankruptcy case, with prejudice, and a bar against the Debtor refiling for a period of at least two years; and, for such other and further relief as this Court deems just.

Respectfully Submitted,

**MELISSA A. YOUNGMAN, P.A.**

/s/ Melissa A. Youngman
Melissa A. Youngman, Esq.
Florida Bar No.: 0690473
721 Maitland Avenue
Altamonte Springs, FL 32701
Telephone: 407.374.1372
Email: melissayoungman@melissayoungman.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on May 6, 2019, a true and correct copy of the foregoing Motion was: electronically filed with the Clerk of the Court using the CM/ECF system with copies furnished to Stephen L. Meininger, Trustee, 707 N. Franklin St., Ste. 850, Tampa, FL 33602; and (ii) served by U.S. Mail to Laquieta Harris, 1017 Milano Circle, #201, Brandon, Florida 33511.

/s/ Melissa A. Youngman
Melissa A. Youngman
Florida Bar No.: 0690473